IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL SMOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| VOLVO GROUP NORTH AMERICA, LLC | ) | |
| (D/B/A VOLVO/MACK POWERTRAIN OF | ) | C.A. NO.  1:14-cv-01064-JKB |
| NORTH AMERICA), and THE PRUDENTIAL | ) | |
| INSURANCE COMPANY OF AMERICA | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT VOLVO GROUP'S MOTION TO DISMISS THE COMPLAINT AND TO STRIKE PLAINTIFF'S JURY DEMAND**

Pursuant to Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure, Defendant Volvo Group North America, LLC (d/b/a Volvo/Mack Powertrain of North America) ("Volvo Group" or "Defendant"), through its undersigned counsel, respectfully submits this Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint and to Strike Plaintiff's Demand for a Jury Trial.  The Complaint asserts state law claims that are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") and which are therefore subject to dismissal by the Court for failure to state a claim upon which relief may be granted. Further, the Complaint includes a demand for a trial by jury, which is unavailable, as a matter of law, for claims subject to ERISA.  As such, Plaintiff's sole remedies, if any, must arise exclusively under the civil enforcement provisions of ERISA and are triable solely by the Court as a matter of law.  In making the instant motion, Defendant expressly reserves the right to assert any and all defenses in answer to the Complaint.

# I.    BACKGROUND

## A.    Procedural History

Plaintiff instituted this action on or about November, 26, 2013, in the Circuit Court of Washington County, Maryland, Case Number 21-C-13-049126 (hereinafter referred to as the "State Action").  (ECF No 2.).[1]  Defendant Prudential was served with a copy of the Summons & Complaint on March 19, 2014. (ECF No. 1 at 1.)  Defendant Volvo Group was served with a copy of the Summons & Complaint on March 17, 2014.  (*Id*.)

Volvo Group timely removed the case to this Court on April 4, 2014, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No 1.)  Federal question jurisdiction exists in this matter because the Complaint asserts claims for benefits allegedly due under a group life insurance policy ("Policy") that Defendant Prudential issued to Volvo Group pursuant to the Volvo Welfare Benefit Plan ("Plan").  The Plan was established and is maintained by Volvo Group to provide "specified health and welfare benefits for the exclusive benefit" of certain Volvo Group

---

[1] The Court may consider documents from the State Court proceedings without conversion of this Rule 12(b)(6) motion to dismiss to a motion for summary judgment.  *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) ("a federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion").

employees.  (Ex. A. at BPN 000008.)[2]  A copy of the Plan, which is expressly referenced in the Complaint at ¶ 27, is attached as Exhibit A.[3]  As will be demonstrated below, the Plan is an employee welfare benefit plan governed by ERISA.

###    B.    Nature of Plaintiff's Claims

Plaintiff alleges generally that Defendants wrongfully denied his claim for spousal life insurance benefits, following the death of his wife.  (ECF No. 2.)  Plaintiff is employed by Volvo Group at its Hagerstown, Maryland facility, and is a participant in the Plan. (*Id.* at ¶ 5.)  Plaintiff alleges that at the time he was hired, he elected certain benefits under the Plan, including life insurance for his wife in the amount of $150,000.00.  (*Id.* ¶¶ 7, 9.)  Allegedly, $4.40 was deducted from each paycheck for this benefit.  (*Id.* at ¶ 13.)  Thereafter, Plaintiff's wife became terminally ill, and he inquired with both Volvo Group and Prudential about the nature of his wife's life insurance benefits.  (*Id.* at ¶¶ 15-18.)  Plaintiff learned that his application for spousal life insurance was never processed by Prudential and that Prudential had no record of such coverage.  (*Id.* at ¶¶ 18-22.)  Thereafter, on July 23, 2013, Plaintiff's wife passed away, and on

---

[2] The facts relied upon herein are taken from the affirmative allegations of the Complaint, the Exhibits attached to the Complaint, the Volvo Welfare Benefit Plan ("the Plan") that controls Plaintiff's claim for benefits in this matter, and the Volvo Life and Accident Insurance Benefits Summary Plan Description ("SPD").  Because Plaintiff's claim for benefits depends upon his rights under the Plan, as summarized in the SPD, the Court may consider the Plan and the SPD, which are attached hereto as Exhibits A and B, without conversion of Volvo Group's motion to dismiss to a motion for summary judgment. *Clark v. BASF Corp*., 142 Fed. Appx. 659, 661 (4th Cir. 2005) ("[w]hen the plaintiff fails to introduce a pertinent document as part of her pleading, a significant number of cases from throughout the federal court system make it clear that the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading; that certainly will be true if the plaintiff has referred to the item in the complaint and it is central to the affirmative case") (citation omitted). The Court may also consider the exhibits attached to the complaint on a motion to dismiss without converting the motion into a motion for summary judgment.  *See Clark v. BASF Corp, supra; Biospherics, Inc. v. Forbes, Inc*., 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).

[3] The Plan has been Bates Numbered for the convenience of the Court. Hereinafter, citations to the Plan will be to the Bates Page Number, <u>e.g.</u>, "BPN 0001."

August 8, 2013, he submitted a claim for benefits under the Plan.  (*Id.* at ¶¶ 26-27.)  Prudential paid Plaintiff $25,000.00 on his claim, which represents the amount of spousal life insurance that he properly elected under the Plan.  (*Id.* at ¶¶ 28, 36.)  Plaintiff brought this lawsuit seeking $125,000.00—the difference between the amount he was paid under the Policy ($25,000.00) and the amount of life insurance that he thought he had successfully elected ($150,000.00).

The Complaint asserts two causes of action:  (1) negligence and (2) negligent misrepresentation.  Plaintiff contends Defendants negligently administered or managed the Plan by failing to process his election of the $150,000.00 spousal life insurance benefit.  (*Id.* at ¶ 33.)  He contends that Volvo Group had a fiduciary duty to ensure that he received the coverage that he elected and failed in this duty.  (*Id.* at ¶¶ 40-42.)   Plaintiff demands a jury trial on these claims, and he asks the Court to award him $125,000 in damages.

## II.    ARGUMENT

### A.    The Complaint Should Be Dismissed Because It Is Based Entirely upon State Law Claims That Are Preempted by ERISA.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  In considering a Rule 12(b)(6) motion to dismiss, a court must assume the material well-pleaded allegations of the complaint as true.  *Id.*  However, "a complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action'" to withstand a motion to dismiss.  *Id.* at 193 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).  Claims that are completely preempted by ERISA are subject to dismissal.  *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987).

1.    <u>The Plan that controls Plaintiff's claim for benefits is an ERISA Plan</u>.

ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. § 1003.  ERISA categorizes "employee benefit plans" as either an employee welfare benefit plan or an employee pension benefit plan.  29 U.S.C. § 1002(3).  A plan is an ERISA welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, **death** or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

"The existence of a plan may be determined from the surrounding circumstances to the extent that a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."  *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 417 (4th Cir. 1993) (internal quotations and citation omitted).  Thus, for ERISA to apply, "there must be (1) a plan, fund or program, (2) established or maintained (3) by an employer, employee organization, or both, (4) for the purpose of providing a benefit, (5) to employees or their beneficiaries." (*Id.*).

The Volvo Plan is unquestionably a welfare benefit plan within the meaning of ERISA because it meets all of elements identified by the Fourth Circuit in *Custer*.  Specifically, (1) the Plan was established and is maintained by Volvo Group (Ex. A, BPN 000003 (noting that Volvo Group maintains the plan as an employee welfare benefit plan within the meaning of ERISA)), (2) the Plan was created to provide "specified health and welfare benefits for the exclusive benefit of Covered Persons," which is defined to include employees and their dependents (*id.*, BPN 000008); and (3) the benefits provided under the Plan to eligible Volvo Group employees

include spousal life insurance benefits (*id.*, BPN 000021).  These factors establish that the Plan is

an employee welfare benefit plan as defined by ERISA.  *Custer,* 12 F.3d at 417.

> 2.   The Volvo Plan is not excluded from ERISA by the Safe Harbor Regulations.

"The Department of Labor issued the 'safe harbor' provision to help clarify the meaning

of the phrase 'established or maintained by the employer.'" *Moore v. Life Insurance Co. of North*

*America*, 708 F. Supp. 2d 597, 606 (N.D.W. Va. 2010) (citation and internal quotations omitted).

This regulation provides as follows:

> The terms 'employee welfare benefit plan' and 'welfare plan' shall not include a group or group type insurance program offered by an insurer to employees or members of an employee organization under which
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation [in] the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).  "All four of these conditions must be present for a plan to qualify for

the safe harbor regulation."  *Moore*, 708 F. Supp. 2d at 606.  Stated differently, if any one of

these factors is not satisfied, then the Plan is subject to ERISA.

Here, the clear language of the Plan establishes that the safe harbor regulation does not

apply.  First, Volvo makes contributions for the benefits it provides under the Plan, including life

insurance benefits. (Ex. A at 29, BPN No. 00036.)  The Volvo Life and Accident Insurance

Benefits Summary Plan Description, which is specifically incorporated into the Plan (Ex. A at 14) states that "the plan provides you with Basic Life . . . at no cost to you."  (Ex. B, SPD 5-1.) Thus, the safe harbor does not apply because the first factor is not satisfied.  In addition, the second requirement is not met because participation in the basic life insurance program is not voluntary but occurs automatically as a result of one's status as an employee of Volvo Group. The SPD explains to employees that "[y]ou do not have to enroll for these coverages, they are automatic" and that "[y]ou automatically receive 2 x your annual base salary" in benefits.  (*Id.* at 5-3 and 5-1.)

Moreover, Volvo Group unquestionably endorsed the Plan.  An employer "endorses" a program within the meaning of the safe harbor regulation if "the employer or employee organization expresses to its employees or members any positive, normative judgment regarding the program." *Casselman v. Am. Family Life Assur. Co.*, 143 Fed. Appx. 507, 510 (4th Cir. 2005). Volvo Group distributed the SPD, which states, "Volvo provides you with a foundation of life insurance and accident insurance to help protect you and your family from the financial hardship that your death or sudden accidental injury could bring." (Ex. B. at 5-1.)  This is a clear endorsement of the Plan, which by itself is sufficient to take this case of the safe harbor and trigger ERISA coverage.  *See Ballard v. Leone*, 2012 U.S. Dist. LEXIS 25306 at *9 (D. Md. Feb. 28, 2012) ("Endorsement has been found where the employer distributed a booklet bearing the employer's name and corporate logo and encouraged employees to carefully consider purchasing the plan, and where the employer actively promoted the plan and encouraged employees to participate in the plan") (internal citations omitted).  Endorsement is also established by the undisputed fact that Volvo Group is both the Plan Sponsor and Plan Administrator.  (SPD at 5-27; Pl.'s Compl. ¶ 40.)  *See Thompson v. American Home Assur. Co.*,

95 F.3d 429, 436 (6th Cir. 1996) ("[W]here the employer is named as the plan administrator, a finding of endorsement may be appropriate"); *Ballard*, 2012 U.S. Dist. LEXIS 25306 at *13 ("If Castle Road did actually assume the role of 'plan administrator,' the Policy would almost certainly fall outside the safe harbor exception because 'a plan administrator or a trustee of a plan must, by the very nature of his position, have 'discretionary authority or discretionary responsibility in the administration' of the plan within the meaning of [ERISA].'"). Accordingly, the Plan fails at least the first three requirements of the safe harbor regulation, and, thus, is not exempt from ERISA coverage as a matter of law.

3.   Because the Plan is a *bona fide* ERISA plan, Plaintiff's state law claims are preempted by ERISA.

ERISA provides for the exclusive regulation of employee benefit plans.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) ("ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern") (citations omitted).  ERISA's broad preemption provision is recognized as "the most sweeping federal preemption statute ever enacted by Congress."  *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 68 (4th Cir. 1988). This provision declares that ERISA shall "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  State law preempted by the statute is defined as including "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1).  Thus, if Plaintiff's state law claims "relate to" an employee benefit plan, they are preempted by ERISA.

The phrase "relate to" was interpreted by the Supreme Court and "given its broadest common-sense meaning such that a state law 'relates to' a benefit plan . . . 'if it has a connection with or reference to such a plan.'" *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724,

739 (1985), *overruled on other grounds, Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341 (2003). The Supreme Court further emphasized that the preemption clause was not limited to "state laws specifically designed to affect employee benefit plans." *Shaw v. Delta Airlines*, 463 U.S. 85, 97 (1983). Whether the "connection with" or "reference to" is direct or indirect, the state law will be preempted. *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 525 (1981).

In the instant matter, the entire Complaint is founded on the allegation that Defendants wrongfully denied Plaintiff's claim for spousal life insurance benefits. (ECF No. 2.) Plaintiff's negligence claim specifically alleges that Defendants "negligently failed in the administration and management" of the "benefits package" by failing "to ensure that [he] received the life insurance policy he clearly selected." (*Id.* at ¶ 32.) As relief, he seeks only the additional life insurance benefits that he claims to be due under the Policy, which was issued pursuant to the Plan. (*Id.* at ¶¶ 36-37.) He seeks the same relief in his only other cause of action for negligent misrepresentation. (*Id.* at ¶¶ 39-43.) In this claim, he specifically refers to the Plan, alleging that "[a]s Mr. Smock's employer and Benefit Plan Administrator, Volvo had the fiduciary duty to ensure Mr. Smock received the coverage he elected." (*Id.* at ¶ 40.) Plaintiff further alleges that his claim was submitted pursuant to "Volvo's Benefit Plan." (*Id.* at ¶ 27.) Thus, every claim in the Complaint refers to, and depends upon, the denial of Plaintiff's claim for spousal life insurance benefits under the Policy, which was issued pursuant to the Plan, and the only relief he seeks is payment of additional spousal life insurance benefits. (*Id.*, Prayer for Relief.)

The United States Supreme Court, the Fourth Circuit Court of Appeals, and the United States District Court for the District of Maryland have repeatedly held that ERISA preempts state law causes of action such as those asserted in the Complaint. *See Aetna Health Inc. v. Davila,*

542 U.S. 200, 204 (2004) (concluding that common law negligence claims were preempted by ERISA); *Wilmington Shipping Co. v. New Eng. Life Ins. Co.*, 496 F.3d 326, 342 (4th Cir. 2007) (concluding that state law claims of unfair and deceptive trade practices, breach of contract, negligent misrepresentation, and constructive fraud were preempted by ERISA); *Arnold v. CSX Hotels, Inc.*, 112 Fed. Appx. 890, 892 (4th Cir. Oct. 29, 2004) (affirming district court's conclusion that state law claims for breach of contract, negligence, and misrepresentation were preempted by ERISA); *Elmore v. Cone Mills Corp.*, 23 F.3d 855 (4th Cir. 1994) (state law claims for breach of contract, fraud, unjust enrichment, breach of fiduciary duty, negligence, and accounting that relate to ERISA-governed plan held preempted); *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 418 (4th Cir. 1993) ("it is difficult to imagine how any common-law remedy for the harm alleged here—participation in a breach of fiduciary duty concerning an ERISA-governed plan—could have survived enactment of ERISA's 'deliberately expansive' preemption provision") (citation omitted); *Kresal v. RFID Global Solutions, Inc.,* 2012 U.S. Dist. LEXIS 66817 at *6 (D. Md. May 14, 2012) (concluding that plaintiff's negligence claim, among others, was preempted and stating, "[g]enerally, when a state law claim may fairly be viewed as an alternative means of recovering benefits allegedly due under ERISA, there will be preemption."); *Korman v. MAMSI Life & Health Ins. Co.*, 121 F. Supp. 2d 843, 846-48 (D. Md. 2000) (concluding that state law claim for negligent misrepresentation is preempted by ERISA); *see also Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1468 (4th Cir. 1996) ("Congress intended to preempt 'state laws providing alternate enforcement mechanisms' for employees to obtain ERISA plan benefits.") (cistation omitted).

In fact, regardless of its nomenclature, any state law claim is preempted that is brought by a plan beneficiary "alleging improper processing of a claim for plan benefits." *Hubbard v. Blue*

*Cross & Blue Shield Association*, 42 F.3d 942, 946 (5th Cir. 1995); s*ee also Powell v.*

*Chesapeake and Potomac Telephone Co. of Virginia*, 780 F.2d 419, 421 (4th Cir. 1985), *cert.*

*denied*, 476 U.S. 1170 (1986) (ERISA preempts state law claims "invoked by beneficiaries

claiming relief for injuries arising out of the administration of employee benefit plans"); *Martori*

*Brothers Distributors v. James-Massengale*, 781 F.2d 1349, 1356-57 & n.19 (9th Cir. 1986),

*amended*, 791 F.2d 799, *cert. denied*, 479 U.S. 1018 (1986) ("laws and common-law rules that

provide remedies for misconduct growing out of the administration of the ERISA plan" are

preempted by ERISA).

 Furthermore, state law claims of general application are not saved from preemption by

ERISA's "savings clause."  The savings clause, codified at 29 U.S.C. § 1144(b)(2)(A), states that

nothing in ERISA shall be construed to exempt or relieve any person from any law of any state

that regulates insurance, banking, or securities.  However, state laws of general application, such

as each of the state law claims asserted in the Complaint, do not fall within the savings clause

even if raised in the context of an insurance policy.  *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41,

56-57 (1987) (*overruled on other grounds by Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S.

329, 342 (2003)).  In any event, even if a state law cause of action falls within the savings clause

for purposes of conflict preemption pursuant to 29 U.S.C. § 1144(a), it will still be preempted

where, as in the instant action, it is being used to provide an alternative means for obtaining

benefits allegedly due under an ERISA-governed benefits plan.  *Davila.*, 542 U.S. at 217-18

("even a state law that can arguably be characterized as 'regulating insurance' will be pre-empted

if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to,

ERISA's remedial scheme").

Thus, Plaintiff's sole claim and potential remedy, if any, is pursuant to a civil action under ERISA's civil remedies provision at 29 U.S.C. § 1132(a) of ERISA. Accordingly, the entirety of Plaintiff's Complaint is completely preempted as a matter of law.

4.   Because Plaintiff's state-law claims are preempted by ERISA, they are subject to dismissal.

Based on the interpretation given the phrase "relate to" by the Supreme Court, Plaintiff's state law claims in this action clearly arise out of the administration of an employee welfare benefit plan and without question "relate to" an employee benefit plan. Accordingly, these claims are preempted by ERISA. 29 U.S.C. § 1144(a). All state law claims that fall within ERISA's preemption clause, like the claims made by Plaintiff in the instant action, are subject to dismissal pursuant to 29 U.S.C. § 1144(a). *See Dedeaux*, 481 U.S. at 45; *Moore*, 708 F. Supp. 2d at 608 ("Because the AD&D policy meets all the statutory elements of an ERISA plan . . . plaintiff's state law claims are preempted by ERISA and dismissed").

At the foundation of the Complaint is the allegation that Defendants wrongfully denied Plaintiff's claim for spousal life insurance benefits under the terms of an employee welfare benefit plan. As supported by the case law cited above, all such state law claims are subject to dismissal, both because such claims necessarily "relate to" an ERISA plan and because such claims amount to an alternative to ERISA's civil enforcement provisions. *See Aetna Health Inc. v. Davila*, 542 U.S. at 209 ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"). Accordingly, any and all state law claims asserted by the Complaint should be dismissed, with prejudice, as a matter of law.

**B.      Plaintiff's Complaint Should Be Dismissed Without Prejudice to Refile As An ERISA Complaint.**

Volvo Group acknowledges that in certain circumstances, otherwise preempted state law claims can be "recharacterized" by the court as claims under ERISA.  *See Darcangelo v. Verizon Communications Inc.,* 292 F.3d 181, 195 (4th Cir. 2002).   Here, however, such a recharacterization would be inappropriate and would present case management difficulties going forward because it is unclear exactly which provision of ERISA Plaintiff is relying on.  Because different legal standards and requirements apply to the various claims under § 1132(a), it is imperative to clearly establish what type of ERISA claim Plaintiff is asserting.  Accordingly, Defendants respectfully request that the Court decline to attempt to recharacterize Plaintiff's Complaint, but instead dismiss Plaintiff's Complaint without prejudice to refile so that all Parties will have some clarity regarding the scope of the ERISA claims moving forward.[4]  *Trotter v. Kennedy Krieger Inst., Inc.*, 2012 U.S. Dist. LEXIS 30335 at *14 (D. Md. Mar. 6, 2012) (Bredar, J.) (declining to recharacterize claim and noting "Plaintiffs themselves must decide how they wish to formulate their claim(s) under ERISA.").

**C.      Plaintiff's Demand for A Trial by Jury Should Be Stricken As Jury Trials Are Unavailable for Matters Subject to ERISA As A Matter of Law.**

All of the Circuit Courts of Appeal that have addressed the issue are unanimous in holding that actions under ERISA for any relief provided therein are for the court, not a jury. *See, e.g., Phelps v. C.T. Enters.,* 394 F.3d 213, 222 (4th Cir. 2005) (*citing Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003 (4th Cir. 1985); *Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561 (2d Cir. 1998), *cert. denied*, 119 S. Ct. 406 (1998); *Sheet Metal Workers v. Keystone Heating & Air Conditioning*, 934 F.2d 35 (3d Cir. 1991); *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir. 1980);

---

[4] Alternatively, Plaintiff could file an Amended Complaint within 21 days, asserting an ERISA claim(s).  *See* Fed. R. Civ. P. 15(a)(1).

*Bittinger v. Tecumseh Products Co.,* 123 F.3d 877 (6th Cir. 1997); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir. 1980), *cert. denied*, 449 U.S. 1112 (1981); *Kirk v. Provident Life & Accident Ins. Co.*, 942 F.2d 504, 506 (8th Cir. 1991); *Nevill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir. 1987); *Adams v. Cyprus Amax Miners Co.,* 149 F.3d 1156 (10th Cir. 1998); *Blake v. Union-Mutual Stock Life Insurance Co. of America*, 906 F.2d 1525 (11th Cir. 1990).  As Plaintiff's claims expressly arise under ERISA, and as any non-ERISA claims are preempted, there simply are no issues in this matter triable to a jury.  Accordingly, Plaintiff's request for a jury trial should be stricken from the Complaint.  Fed. R. Civ. P. 12(f).

## III.    CONCLUSION

The United States Supreme Court has made clear that the remedies specified in ERISA are exclusive.  *Davila,* 542 U.S. at 208. All state laws, whether based on statutory or common law, invoked by or on behalf of beneficiaries relating to a denial of benefits under an employee welfare benefit plan are preempted by ERISA.  Because the Complaint specifically seeks to recover benefits allegedly due under an ERISA plan and seeks relief that duplicates, supplements, or supplants the ERISA civil enforcement remedies, the Court should dismiss the state law claims and strike Plaintiff's demand for trial by jury.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted this the 11th day of April 2014.

/s/ Jennifer L. Curry
Jennifer L. Curry (Bar No. 29038)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
Telephone: (410) 415-2000
Fax: (410) 415-2001
jennifer.curry@jacksonlewis.com

Robert M. Wood (*pro hac vice* motion pending)
T. Chase Samples (Fed. Bar. No. 10824) (*pro hac vice* motion pending)
JACKSON LEWIS P.C.
One Liberty Square
55 Beattie Place, Suite 800
Greenville, South Carolina 29601
Telephone: 864-232-7000
Email: woodr@jacksonlewis.com
        chase.samples@jacksonlewis.com

ATTORNEYS FOR DEFENDANT VOLVO
GROUP NORTH AMERICA, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT VOLVO GROUP'S MOTION TO DISMISS THE COMPLAINT AND TO STRIKE PLAINTIFF'S JURY DEMAND** was served upon all parties of record by filing through the Court's Electronic Case Filing System:

> Ira C. Cook, Esq.
> Marianne E. Morris, Esq.
> Law Offices of I.C. Cooke
> 138 West Washington Street, Suite 200
> Hagerstown, MD 21740
> Email: marianne.morris@iracookelaw.com
> Counsel for Plaintiff
>
> Eric J. Janson, Esq.
> Seyfarth Shaw LLP
> 975 F St NW
> Washington, DC 20004
> Email: ejanson@seyfarth.com
> Counsel for Prudential Insurance Company of America

/s/ Jennifer L. Curry _____
Jennifer L. Curry

This 11th day of April 2014.

4812-6228-1497, v. 1